[Civ. No. 11361.   First Appellate District, Division Two.—June 20, 1940.]

O. M. BENNETT, Respondent, v. ODIN JOHANSEN, Appellant.

Austin Lewis for Appellant.

Edgar R. Peixotto and Robert E. Hatch for Respondent.

NOURSE, P. J.—The defendant Odin Johansen in a suit upon a promissory note appeals from an order made after judgment granting plaintiff's motion that execution issue after five years.   The question raised by appellant is whether

the affidavit filed with the notice of motion "sets forth reasons for granting said motion sufficient in the due discretion of the court making the order appealed from".

For the reasons hereinafter stated we cannot agree with appellant that this question is here for decision. The appeal is taken under section 953a, Code of Civil Procedure. The transcript contains the judgment roll in the main case, the notice of motion for execution, the affidavit of plaintiff in support of the motion, and the order granting the motion. This was all that the appellant asked the clerk to make up, and the transcript complies with the request in every detail. But, it appears from the order appealed from that the motion noticed for October 10, 1939, was granted on November 8, 1939, when it came on "regularly this day for further testimony"; and that "the court having heard the testimony" made the order granting the motion. None of this testimony has been brought up and none was requested by appellant either by notice to the clerk or by a proposed bill of exceptions.

The recitals made by the trial court in its order will be presumed to be true. We will also presume that the evidence taken upon the hearing was sufficient to support the order. We may not conclude upon the bare statement of counsel that the trial court abused its discretion in granting the motion.

The applicable statute is section 685 of the Code of Civil Procedure which provides that the supporting affidavit shall set "forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion." A defect in the form or in the substance of the affidavit does not affect the jurisdiction of the court to hear the motion and the appellant does not make any such claim here. It is a sufficient ground for a denial of the motion unless it is cured by evidence taken at the hearing. This is the rule of *McClelland* v. *Shaw*, 23 Cal. App. (2d) 107 [72 Pac. (2d) 225], where numerous authorities are cited upon the general propositions advanced by the appellant. But particularly pertinent to the narrower question here involved is the ruling of that case that the defects in the supporting affidavit may be cured by other affidavits used at

the hearing, and that it was an abuse of discretion to deny the motion because of the defects in the original affidavit.

Here we are asked to reverse the order upon the ground that the trial court abused its discretion in refusing to do what in that case was held to be an abuse of discretion. Reverting to the earlier statement of the presumptions available, we must here presume that the evidence taken at the hearing, like the affidavits used in the McClelland case, cured all the asserted defects in the original affidavit. We must also presume, in the absence of a contrary showing, that this evidence was all taken without objection.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.